UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM SIKIOTIS,<br>    *Plaintiff*,<br><br>        *v.*<br><br>VITESSE WORLDWIDE CHAUFEEURED<br>SERVICES, INC., AND SHAHIN ABASPOUR<br>    *Defendants*. | Civil No. 3:15cv316 (JBA)<br><br>December 4, 2015 |

**RULING GRANTING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff brings a Motion [Doc. # 38] to Compel Discovery in his action alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, arising out of Defendants' alleged failure to pay Plaintiff overtime compensation at a rate of one-and-one-half times Plaintiff's regular pay for all hours worked over forty hours per week. (Am. Compl. [Doc. # 22] ¶ 12.) For the following reasons, Plaintiff's motion is granted.

As background, on August 13, 2015, Plaintiff served his first discovery requests. (*See* Pl.'s First Set Interrog. [Doc. # 32-2].) The documents sought included: (1) all documents describing policies, practices, or procedures of Defendants applicable to Mr. Sikiotis from March 3, 2012 to the present; (2) any relevant email, memoranda, correspondence, or other documents pertaining to Mr. Sikiotis during this period that reference scheduling, pay, and hours worked; (3) any Vitesse materials submitted to any department or state agency in Connecticut; (4) copies of GPS records showing the location of all cars operated by Mr. Sikiotis during the relevant time period; (5) copies of any records related to Vitesse's compliance with state and federal wage and hour laws; (6) Vitesse's written policies and procedures applicable to their limousine drivers during the relevant time period; (7) communications between Vitesse and its employees, agents, or servants regarding Mr. Sikiotis; (8) copies of documents pertaining to Vitesse's affirmative defenses; and (9) copies of all non-privileged documents pertaining to actions

(*i.e.*, law suits, claims, grievances, and administrative actions) brought by other individuals against Defendants regarding their employment practices. (*Id.*)

Defendants' discovery response was due September 14, 2015, on which date defense counsel instead sent an email [Doc. # 37-2] seeking Plaintiff's consent to a stay of discovery until the Court decided Defendants' Motion to Dismiss filed July 6, 2015.[1] Plaintiff's counsel objected to a stay because (1) the discovery request was not particularly burdensome, and (2) the motion to dismiss was not particularly strong. (See Email, Ex. 2 to Pl.'s Mot. Stay [Doc. # 38-2] at 2.) Defendants never responded to the discovery request, nor sought an extension of time, nor interposed any objections to the discovery propounded. Instead, on September 15, 2015, Defendants filed a Motion to Stay Discovery [Doc. # 32] pending resolution of their motion to dismiss.[2]

Federal Rule of Civil Procedure 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendants maintain they have good cause for not responding to Plaintiff's initial discovery requests because they filed a motion to stay discovery and because Plaintiff failed to satisfy the Federal Rule of Civil Procedure 37(a) meet-and-confer requirement. However, Plaintiff sent an email to Defendants on September 16, 2015, in which Plaintiff stated, "In light of your motion to stay, am I correct in assuming you do not intend to serve responses to our discovery requests, which were due on Monday, September 14?" (Emails, Ex. 3 to Pl.'s Mot. Stay [Doc. # 38-3] at 2.) Defendants answered in the affirmative and articulated no objections that could have been the subject for further conferencing on Plaintiff's discovery.

---

[1] Defendants' original Motion to Dismiss was filed May 4, 2015, but was denied for failure to comply with the Court's pre-filing conference requirement.

[2] Inasmuch as the Court's ruling denying Defendants' motion to dismiss was issued on November 24, 2015, Defendants' Motion [Doc. # 32] to Stay Discovery is denied as moot.

Defendants' suggestion that filing a Motion to Stay Discovery constitutes good cause under Rule 33 is unavailing. Courts have found good cause when parties failed to object due to administrative errors, *McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. 55, 57 (D. Conn. 2010) ("The defendants represented that their objections were untimely due to an administrative error. The defendants further represented that once they became aware of said administrative error, they 'immediately worked to gather information and documents responsive to the [plaintiff's] requests.'"), or when parties misconstrued a court's "earlier rulings and believed in good faith that they need not have met that deadline," *Melendez v. Greiner*, No. 01 CIV.07888 (SAS) (DF), 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003), or when parties' failure to respond was due to an oversight that was promptly corrected, *Phelps v. MC Commc'ns, Inc.*, No. 2:11-CV-00423-(PMP), 2013 WL 3944268, at *11 (D. Nev. July 22, 2013). In this case, Defendants have simply refused to respond, voicing general objections to the discovery requests in the context of a motion to stay discovery. This does not satisfy the requirements of Rule 33. *See Shahzad v. Cty. of Nassau*, No. 13-CV-2268 (SJF) (SIL), 2014 WL 4805022, at *3 (E.D.N.Y. Sept. 26, 2014) ("Defendants' blanket refusal to answer, asserted as part of its . . . motion to stay discovery and grounded in several cursory objections to the interrogatories as a whole, does not satisfy the requirements of Rule 33.").

Moreover, and notably, in *Hawkins v. Cty. of Lincoln*, No. 7:10CV5001, 2011 WL 6659023, at *2 (D. Neb. Dec. 20, 2011), cited by Defendants, the court found good cause to excuse a defendant's failure to timely object to discovery requests where the defendant "made an effort to respond to Plaintiff's requests, which were numerous, and kept Plaintiff advised as to the status of its responses." Likewise, in *Shahzad*, also cited by Defendants, communication between parties underscored the court's conclusion that good cause existed: "Here, despite Defendants' failure to respond promptly, the accounts of both parties indicate that Defendants made at least some effort to resolve

3

disagreements with Plaintiff over the scope of the interrogatories prior to Plaintiff filing the instant motion." 2014 WL 4805022, at *4. To the Court's knowledge, there was no similar communication in this case.

Accordingly, Plaintiff's Motion to Compel [Doc. # 38] is GRANTED and Defendants' compliance shall be served on Plaintiff within 14 days.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of December 2015.